IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. FEAGIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10-CV-252-MHT |
| | ) | [WO] |
| | ) | |
| SOUTHERN HEALTH PARTNERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Michael E.

Feagin ["Feagin"], an inmate confined at the Covington County Jail.  On March 24, 2010,

Feagin filed a motion for preliminary injunction in which he seeks issuance of a preliminary

injunction requiring that the defendants provide him proper medical treatment for a myriad

of ailments (Court Doc. No. 3).

**I.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion

of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

This court may grant a preliminary injunction only if Feagin demonstrates each of the

following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial

threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury

outweighs the potential damage the requested injunction may cause the non-moving parties;

and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329;

*McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th

Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be

granted unless the movant clearly established the "burden of persuasion"' as to the four

requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda*

*Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is

issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175,

179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule,"

and movant must clearly carry the burden of persuasion).  The moving party's failure to

demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim,

regardless of the party's ability to establish any of the other elements.  *Church v. City of*

*Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163,

1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable

injury would, standing alone, make preliminary injunctive relief improper").  "'The chief

function of a preliminary injunction is to preserve the status quo until the merits of the

controversy can be fully and fairly adjudicated.'  *Northeastern Fl. Chapter of Ass'n of Gen.*

*Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)."

*Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II.  DISCUSSION

### A.  Relevant Information

On March 31, 2010, the defendants filed a response in which they address the allegations presented by Feagin in his complaint and motion for preliminary injunction.  The evidentiary materials filed in support of this response, including affidavits and relevant medical records, clearly demonstrate that the defendants have provided Feagin appropriate medical treatment for his various health conditions.  *Defendants' Exhibit 1 (Affidavit of Dr. Millard McWhorter) - Court Doc. No. 11-2* at 3-6; *Defendants' Exhibit 2 (Affidavit of Nurse Annette Cain) - Court Doc. No. 11-3* at 3-6; *Defendants' Exhibit A to the Affidavit of Nurse Cain (Medical Records of Michael E. Feagin) - Court Doc. No. 11-3* at 9-39.  Moreover, these evidentiary materials do not indicate any deliberate indifference by the defendants towards the plaintiff's medical needs; rather, these documents demonstrate the defendants routinely examine Feagin, assess his complaints and provide treatment to him in accordance with their professional judgment.

> [T]he plaintiff alleges that he has been denied adequate treatment for diabetes, hyperglycemia, hypoglycemia, high lipids/high cholesterol, chest pains and high blood pressure.
> I have reviewed the plaintiff's medical chart.
> The plaintiff was booked into the Covington County Jail [on charges of felony violations of probation and failure to pay] on December 7, 2009.  Later that day, Annette Cain, L.P.N. ("Nurse Cain") completed a medical staff screening form, wherein the plaintiff stated that he had been treated for diabetes, high cholesterol and ulcers and was taking 70/30 insulin twice a day, Humulin R insulin on a sliding scale as needed, Glucophage 850 mg twice a day and Glucotrol (Glipizide) 20 mg twice a day.  During his initial screening,

the plaintiff indicated that he was under the care of Dr. Johnson and myself [Dr. McWhorter] and that he was filling his prescriptions at City Drug, Darby's and Wal Mart. The plaintiff's vital signs were checked, and his blood pressure was 110/74, which is normal.

After the plaintiff's screening, Nurse Cain followed up with Dr. Johnson and myself to verify the treatment provided to the plaintiff. Dr. Johnson's nurse indicated that the plaintiff had been released as a patient on August 20, 2009, due to non-compliance; specifically, Dr. Johnson had tested the plaintiff's glucose level and the plaintiff had not been taking his insulin. The plaintiff was given prescriptions by Dr. Johnson for Zocor, Glucophage, Soma, Lortab and Humulin R. On August 25, 2009, the plaintiff saw me [prior to his incarceration] outside the jail at my private office, and I prescribed Neurontin and Ultram. After contacting the pharmacies at City Drug, Wal Mart and Darby's, Nurse Cain determined that the plaintiff filled his Lortab, Soma and Neurontin prescriptions as well as filling a prescription for a 90 day supply of Glipizide, a blood sugar medication similar to Glucophage. The plaintiff had not filled his prescriptions for Glucophage, Zocor or Humulin R, and, as such, it did not appear that he had taken these medications since August 2009.

On December 9, 2009, [two days after Feagin's placement in the Covington County Jail,] I entered an Order, prescribing Glipizide 10 mg. twice a day and Humulin R insulin on a sliding scale twice a day for the plaintiff's diabetes. Pursuant to my protocol, Humulin R was only to be administered if needed to control high blood sugar levels. Thereafter, from December 9, 2010 through late January 2010, a blood sugar flow sheet was completed twice daily on the plaintiff, documenting his blood sugar levels twice a day and providing insulin as needed. I did not prescribe the plaintiff with Zocor or any other medication for high lipids or cholesterol, because it was my professional judgment that such medication was not indicated or necessary.

On December 19, 2009, Dianne Williams, LPN ("Nurse Williams") completed a history and physical of the plaintiff. The plaintiff's blood pressure was 110/70, and he gave a history of diabetes and hyperlipidemia. In his medical history, the plaintiff stated "none" when asked if he was on any current medications.

On January 8, 2010, plaintiff completed a sick call slip, complaining primarily of a red irritation on the bottom of his right big toe and athlete's foot. He also complained of chest pain in his upper left chest area, high cholesterol and stated that he thought he needed Zocor for his lipids and Glucophage for his diabetes. In response to this sick call, on January 9, 2010, the plaintiff was

seen by Nurse Williams, and Nurse Williams examined his feet and no fungus was noted.  After examining the plaintiff, Nurse Williams documented that no treatment was indicated.

On January 20, 2010, the plaintiff completed a sick call form, complaining of chest pain and stating that he had high cholesterol.  On the same day, he was seen by me and I noted that the inmate was complaining of mid sternal chest pain and observed that the plaintiff's blood sugars had been fluctuating.  I assessed the plaintiff with non insulin dependent diabetes and ordered that the plaintiff receive Glucophage 1000 mg. twice a day in addition to the Glipizide he was already receiving.  With respect to the plaintiff's complaints of chest pain, I told the plaintiff that it was my opinion that the chest complaint was muscular and not cardiovascular, and that there was no treatment indicated.  The plaintiff's blood pressure was 136/90, which is within normal limits.

Since January 20, 2010, the plaintiff has completed no further sick call slips with respect to chest pain.

In late January 2010, after the plaintiff's blood sugars began to stabilize, I directed Nurse Cain to scale back the plaintiff's blood sugar checks to once a week.  From late January through early March, the plaintiff's blood sugars were checked weekly and they remained stable, never rising to the level that insulin was required.

On March 3, 2010, I entered a written Order that the plaintiff's blood sugar be checked every Friday.  As of today, the plaintiff's last blood sugar check was this past Friday, March 26, 2010, and his blood sugar level was 112, which is within normal limits.  The plaintiff's blood sugars have remained stable enough that insulin has not been required since January 26, 2010.

On March 25, 2010, the plaintiff completed a sick call slip, complaining of high blood pressure.  In response to this complaint, Nurse Cain saw the plaintiff and checked his blood pressure, which read 122/86.  122/86 is within normal limits.

Since being incarcerated on December 9, 2009, the plaintiff has consistently registered normal blood pressure readings.  It remains my opinion that Zocor or any other high lipids or cholesterol medication is not indicated or necessary for the plaintiff at this juncture.

*Defendants' Exhibit 1 (Affidavit of Dr. Millard McWhorter) - Court Doc. No. 11-2* at 3-6.

5

### B.  The Prerequisites

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court

finds that Feagin has not established a substantial likelihood of success on the merits of his

claims.  With respect to the second factor, Feagin fails to demonstrate a substantial threat that

he will suffer the requisite irreparable injury absent issuance of a preliminary injunction as

the record before this court indicates the defendants are treating Feagin's medical conditions

in accordance with their professional judgment and applicable medical standards.  The third

factor, balancing potential harm to the parties, appears to weigh more heavily in favor of the

defendants because issuance of the requested injunction would have an unduly adverse affect

on the ability of jail medical personnel to exercise their professional judgment in determining

the appropriate course of treatment for inmates.  Finally, the public interest element of the

equation is a neutral factor at this juncture.  Thus, Feagin has failed to meet his burden of

demonstrating the existence of each prerequisite necessary to warrant issuance of a

preliminary injunction.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before May 3, 2010 the parties may file objections to the

Recommendation.    Any  objection  must  specifically  identify  the  findings  in  the

Recommendation objected to.   Frivolous, conclusive or general objections will not be

considered by the District Court.  The parties are further advised that this Recommendation

is not a final order of the court and, therefore, it is not appealable.  Failure to file written

objections to the proposed findings in the Recommendation shall bar the party from a de

novo determination by the District Court of issues addressed in the Recommendation and

shall bar the party from attacking on appeal factual findings in the report accepted or adopted

by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33

(11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc),

adopting  as  binding  precedent  all  decisions  of  the  former  Fifth  Circuit  issued  prior  to

September 30, 1981.

Done this 19th day of April, 2010.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE